**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:17-CR-519 RLW |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LONZO PATRICK, | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that Defendant Lonzo Patrick's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)1)(A) (Compassionate Release) (ECF No. 93) is:

☒ **DENIED** after complete review of the Motion on the merits.

☒ **FACTORS CONSIDERED**.

The Court finds that Defendant has exhausted administrative remedies. Defendant, a 59-year-old Black man, assets that his underlying health conditions, including "COPD, hypertension, obesity, prostrate [sic] issue, low iron, low blood count, and high cholesterol" place him at severe risk of serious illness or death from the virus that causes COVID-19. (ECF No. 93 at 5.) Defendant further asserts that "Hobbs Act robbery is no longer violent so my gun enhancement cannot anchor to my predicate offense. So my gun enhancement is unconstitutional and unlawful." (Id.) Defendant also states he is the primary caregiver for his 82-year-old mother and ill 93-year-old father, and ends with a conclusory list of additional grounds for compassionate release: "harsh

conditions and lengthy lockdowns from COVID-19; rehabilitation; prison record; remorse for my crimes; my release plan; length of sentence served; inadequate medical care; and I'm no longer a danger to the safety of another or the community." (Id.) Defendant's motion is accompanied by medical records.

Defendant was incarcerated at FCI Gilmer when the instant motion was filed in March 2023. His motion refers to "constant breakthrough infections" of the Delta, Omicron and Omicron subvariants at that institution, and he claims the reduced effectiveness of vaccines for those variants. Defendant is now incarcerated at FCI Thomson, so the conditions at FCI Gilmer are no longer relevant to Defendant's motion, and COVID-19 virus conditions have changed since March 2023. For example, the federal Public Health Emergency for COVID-19 ended on May 11, 2023,[1] and the federal Bureau of Prisons no longer has information concerning COVID-19 on its website. Nonetheless, the COVID-19 virus is still present and some of Defendant's health conditions, including COPD and hypertension, increase the risk of serious illness or death from the virus.[2]

However, Defendant does not establish that FCI Thomson is affected by or is at imminent risk of being affected by (1) an ongoing outbreak of infectious disease, or (2) an ongoing public health emergency declared by the appropriate federal, state, or local authority. As such, he does not establish that his medical conditions in relation to the COVID-19 virus constitute an

---

[1] U.S. Department of Health and Human Services, https://www.hhs.gov/about/news/2023/05/09/fact-sheet-end-of-the-covid-19-public-health-emergency.html (last visited May 15, 2024).

[2] Centers for Disease Prevention and Control, Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 15, 2024). Obesity is another medical condition that increases the risk of serious illness or death from COVID-19. Id. Defendant asserts that he is obese, but his medical records do not appear to support this. Obesity requires a body mass index (BMI) of 30 kg/m$^2$ or higher. See id. Defendant's medical records document that his BMI is 27.25 kg/m$^2$. See ECF No. 93-4 at 57.

extraordinary and compelling reason for sentence reduction. See United States Sentencing Guidelines (U.S.S.G.) § 1B1.13(b)(1)(D)(i), (ii), and (iii).

Defendant does not contend that his parents are incapacitated and that he would be their only available caregiver, and therefore he does not establish that his family circumstances are an extraordinary and compelling reason for compassionate release. See U.S.S.G. § 1B1.13(b)(3)(C).

Finally, Defendant's assertion that Hobbs Act robbery is no longer a crime of violence is incorrect. In the Eighth Circuit, completed Hobbs Act robberies are crimes of violence. See Green v. Garland, 79 F.4th 920, 923-24 (8th Cir. 2023). Defendant was convicted of committing three completed Hobbs Act robberies. Consequently, Defendant's argument that his "gun enhancement" is unconstitutional lacks legal and factual merit, and does not provide an extraordinary and compelling reason for sentence reduction.

For these reasons, the Court finds that Defendant does not establish the existence of any extraordinary and compelling reason for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

Even if Defendant had established an extraordinary and compelling reason for sentence reduction, the Court finds that Defendant fails to establish he is not a danger to other persons or to the community, or that the 18 U.S.C. § 3553(a) factors weigh in favor of release. Defendant was convicted of three completed Hobbs Act robberies, during which he brandished a firearm at the victims. These offenses, which Defendant committed at a mature age, present extremely significant danger to individuals and the community. Further, Defendant has numerous prior convictions throughout his adult life, including a number of felony convictions, for crimes such as burglary, stealing, robbery, assault, failure to return to confinement, and property damage. This demonstrates a pattern of dangerous activity by Defendant.

The Court finds it necessary for Defendant to serve his sentence in order to reflect the seriousness of his offenses, to promote respect for the law, and to provide just punishment.

For these reasons, Defendant Lonzo Patrick's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)1)(A) (Compassionate Release) (ECF No. 93) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for appointment of counsel (ECF No. 93-3) is **DENIED as moot**. The Court appointed the Office of the Federal Public Defender in this matter, which reviewed Defendant's pro se motion and filed a Notice that it would not supplement the motion.

**IT IS SO ORDERED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of May, 2024.